# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Christopher Clouser, *et al.*,** | |
| **Plaintiffs,** | 4:15-cv-00468 JWS |
| **vs.** | ORDER AND OPINION |
| **Sierra Nevada Corporation, *et al.*,** | [Re: Motion at Docket 16] |
| **Defendants.** | |

## I.  MOTION PRESENTED

At docket 16 defendant United States of America ("USA") moves pursuant to Rule 12(b)(1) for an order dismissing the complaint of plaintiffs Christopher and Ana Clouser ("Plaintiffs").  Plaintiffs oppose USA's motion at docket 21; USA replies at docket 24.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Christopher Clouser was seriously injured when the aircraft he was flying ran aground in Columbia.[1]  Mr. Clouser and his wife brought this action against Sierra Nevada Corporation ("Sierra Nevada"), the company that owned, equipped, and maintained the aircraft, and USA, which contracted with Sierra Nevada.  Plaintiffs' claim

---

[1] Doc. 1 at 8 ¶¶ 30-31.

against USA arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) based on USA's allegedly "negligent, careless and/or reckless acts or omissions."[2]

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[3]  Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[4]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[5]

### IV.  DISCUSSION

With certain specific exceptions, the FTCA waives USA's sovereign immunity from suits in tort[6] and gives federal district courts jurisdiction over claims against it for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[7] An exception to this waiver exists for claims "arising in a foreign country."[8]

---

[2] Doc. 1 at 16 ¶ 79.

[3] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[4] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[5] *Id.*

[6] *Richards v. United States*, 369 U.S. 1, 6 (1962).

[7] 28 U.S.C. § 1346(b)(1).

[8] 28 U.S.C. § 2680(k).

Despite this exception, the Ninth Circuit formerly allowed FTCA actions to proceed under the "headquarters doctrine." Under this doctrine, § 2680(k) did not bar suit where "negligent acts in the United States proximately cause[d] harm in a foreign country."[9] These claims "typically involve[d] allegations of negligent guidance in an office within the United States of employees who cause[d] damage while in a foreign country, or of activities which [took] place within a foreign country."[10] The Supreme Court struck down the headquarters doctrine, however, in *Sosa v. Alvarez-Machain*, holding that "the FTCA's foreign country exception bars *all claims* based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred."[11]

The injury that Mr. Clouser suffered occurred in a foreign country. Following *Sosa*, the FTCA's foreign country exception bars Plaintiffs' claim. This court lacks subject matter jurisdiction.

## V.  CONCLUSION

Based on the preceding discussion, the motion to dismiss at docket 16 is **GRANTED**. The United States of America is dismissed a defendant in this action.

DATED this 9th day of March 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[9]*Cominotto v. United States*, 802 F.2d 1127, 1130 (9th Cir. 1986).

[10]*Id.*

[11]542 U.S. 692, 712 (2004) (emphasis added).